CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 07 2015

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES ELLERSON CARROLL, JR., | ) | CASE NO. 7:15CV00109 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MS. J. B. MESSER, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Charles Ellerson Carroll, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison grievance coordinator failed to give him a receipt for an administrative remedy form that he sent to her. Upon review of the record, the court finds that the action must be summarily dismissed as frivolous.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, defendant's alleged failure to comply with an available prison grievance procedure does not state any constitutionally significant claim and is not actionable under § 1983. Therefore, Carroll's claim concerning the grievance procedure will be dismissed under § 1915A(b)(1) as factually and legally frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of April, 2015.

/s/ Glen E. Conrad
Chief United States District Judge